UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIC SMITH )
 )
and )
 )
ALLAEDHIN QANDAH ) Case No. 4:18-CV-171 JCH
 )
v. )
 )
ST. CHARLES COUNTY et al. )

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant, St. Charles County, to sever (ECF No. 90) on Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 99) and on Plaintiffs' Motion to Compel (ECF No. 76). Defendant has not filed a reply to Plaintiffs' response to the Motion to Sever and Plaintiffs have not filed a reply to Defendant's Motion in Opposition to the Motion for Leave to File an Amended Complaint. Nonetheless, the time for briefing has elapsed and the motions are ready for disposition.

## I. Motion for Leave to File an Amended Complaint

On December 11, 2019, Plaintiffs filed a Motion for Leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 99). In support of their motion, Plaintiffs argue that following the submission of their First Amended Complaint on July 29, 2019, they seek only to submit their Second Amended Complaint to "correct inadvertent omissions in the filing of the First Amended Complaint." (ECF No. 99 ¶ 5). The information that the Plaintiff seeks to cure includes correcting typographical errors in dates and the amendment of the Claims brought by Plaintiff Smith.

1

A party may amend its pleading "only with the opposing party's written consent or the leave of the court. A court should permit leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Under Rule 15, denial of leave to amend pleadings is appropriate only if there are compelling reasons to do so; such as, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." *Foman v. Davis*, 317 U.S. 178, 182 (1962

Defendant opposes the Amendment. Defendant asserts that Plaintiff filed an Amended Complaint in July of 2019. Defendant argues that Plaintiffs' current motion has been filed more than three months after the deadline to amend. (ECF No. 100). The Court will deny Plaintiff's Motion for Leave to Amend for being out of time.

**II.  Motion to Sever**

On November 15, 2019, Defendant St. Charles County filed a Motion to Sever. (ECF No. 90). In support of the motion, Defendant St. Charles County argues that Plaintiffs are individuals without connection to one another and that Plaintiffs' claims are sufficiently unrelated; therefore the case is appropriate to be severed. (ECF No. 91, at 1). Plaintiff opposed the motion, stating that Defendants have failed to meet their burden of proving the necessity of severance. (ECF No. 94 at 1). Plaintiff argues that Defendant has filed the Motion to Sever for the sole purpose of increasing Plaintiffs' cost in going to trial on two cases.

The court looks to Federal Rules of Civil Procedure 20 and 21 in this case. Under Federal Rule of Civil Procedure 20, defendants may be joined if (1) the plaintiffs assert claims against the defendants jointly, severally, or in the alternative in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences; and (2) if any of the questions of

law or fact common to all defendants will arise in the action. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Rule 21 "authorizes severance of parties and claims on such terms as are just." *McClure v. Raymond Corp.*, 174 F.Supp.2d 982, 986 (E.D. Mo. 2001).

Plaintiffs' Amended Complaint alleges six counts arising from events during the respective detentions. (ECF No. 61). Plaintiff Smith was detained from January 12, 2017 until January 24, 2017. (ECF No. 61, ¶ 15). Plaintiff Qandah was detained from March 2014 to February 2015. *Id.* ¶ 26. The Counts alleged are as follows:

> Count I of Plaintiffs' Complaint is for §1983 claims on behalf of Plaintiff Qandah against Defendant Cast for the attack of Plaintiff Qandah by another inmate. *Id.* ¶¶ 56-63.
> Count II is for §1983 claims on behalf of Plaintiff Qandah against Defendant McKee for deprivation of medical care. *Id.* ¶¶ 64-72.
> Count III is brought by Plaintiff Smith under §1983 for failure to provide proper medical care against Defendant Graebner. *Id.* ¶¶ 73-79.
> Count IV is brought on behalf of Plaintiff Smith arising from Defendant Gillett's use of unreasonable force. *Id.* ¶¶ 80-83.
> Count V is a common law battery claim brought by Plaintiff Smith against Defendant Gillett. *Id.* ¶¶ 84-88.
> Count VI is a Municipal Liability Claim brought by Plaintiff Qandah against Defendant St. Charles County for failure to supervise or train. *Id.* ¶¶ 89-98.

In their Motion for Leave to File an Amended Complaint, Plaintiffs assert that Count VI was intended to be brought on behalf of both Plaintiffs. (ECF No. 99). This is reflected in Plaintiffs referring to "Plaintiffs" throughout Count VI.

Counts I and II pertain to a wholly separate plaintiff and set of defendants than Counts III through V. Furthermore, the events described by Plaintiffs are approximately two years apart in time. "Although the same transaction or occurrence requirement of Rule 20(a) may be construed liberally, this does not mean joinder is proper in the absence of a transactional link." *Mosley*, 497 F.2d at 1332. Plaintiffs "cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions." *Goins v. Russell*, No. 4:14CV865 CEJ, 2014 WL 2095336, at 2 (E.D. Mo. May 20,

2014). It is clear that Counts I and II and Counts III through V do not arise out of the same transaction and occurrence as one another. The only conceivably related count between the two Plaintiffs is Count VI for municipal liability. The court finds the Motion to Sever appropriate in this case. A case may be severed so long as it is "on just terms." Fed. R. Civ. P. 21. Single trials are preferred where the resolution of all claims together would lessen delay, expense and inconvenience. *Mosley*, 497 F.2d 1330, 1332 (8th Cir. 1974). In this case, the claims, parties, and discovery disputes are distinct to each individual Plaintiff. Separating the claims will inevitably expedite the litigation process by limiting the scope of each inquiry to events related to the individual claims of the Plaintiffs. With regard to Count VI for municipal liability, municipal liability claims can be brought individually, therefore the Court does not find that separating the claims against St. Charles County to be unduly burdensome on the Plaintiffs in light of the benefits of severing Plaintiffs' claims.

**III.     Motion to Compel Use of Force and Inmate Complaint Reports**

On November 7, 2019, Plaintiffs filed a Motion to Compel regarding Use of Force and Inmate Reports. (ECF No. 76). In support of their Motion to Compel, Plaintiffs state that Defendants were served with requests for production of documents relating to injuries suffered by the Plaintiffs at the hands of Defendants, including but not limited to, Use of Force Reports. (ECF No. 77, at 2). Plaintiffs assert that Defendants initially informed them that if the documents existed, they would be in the personnel files of the individual defendants. *Id.* Plaintiffs assert that Defendant produced such personnel files on September 12, 2019, and no Use of Force Reports were contained therein. *Id.* Plaintiffs additionally state that they requested records of inmate complaints against the named defendants and all complaints made against St. Charles County Jail staff regarding use of force and deprivation of medical treatment. *Id.*, citing (ECF No. 76-1).

Plaintiff states that, although Defendants originally objected to the requests, they agreed to produce any such records under a protective order. *Id.* On September 30, 2019, Plaintiff asserts that Defendant only produced four inmate complaints, all of which were dated following 2017. *Id.*

In Response, Defendant asserts that Plaintiffs' requests are outside the scope of their interrogatories and requests for production, and to produce them would be unduly burdensome because the documents are not located in any central location but are located in individual inmate files or personnel files. (ECF No. 82). Plaintiff argues that on October 22, 2019, Defendants' counsel stated that the reports are not kept in personnel files. Plaintiff asserts that Counsel for the Defendants indicated that all paper copies of the Use of Force Reports for each calendar year are kept in one physical file. (ECF No. 77, citing ECF No. 76-9). Defendants object to going through the physical files. *Id.* Plaintiff additionally states that on November 7, 2019, the parties participated in the deposition of Defendant McKee; and that Defendant McKee described the method in which the Use of Force Review Forms are maintained. Defendant McKee stated that the Use of Force Review Forms are sent via email, organized by year, and then sequential order, and were logged in an excel spreadsheet maintained on a shared drive. (ECF No. 80, 2-3). Defendant McKee additionally testified that he would make one file folder, or file box for the Use of Force Review Forms for each given year and that these should be available for the years 2013-2017. *Id.*, at 3. Plaintiffs assert that their counsel has offered to review the physical files, on site, to identify those that are relevant, but Defendants' counsel has refused. (ECF No. 77, at 4). Plaintiffs assert that similar impasse has been reached regarding Inmate Complaint Forms. *Id.* Inmate Complaint forms are located in the individual files of the inmates. Defendant has

5

objected to searching for these documents due to the undue time burden it would incur and on the basis that the Use of Force Reports are not relevant to Plaintiff Qandah's claims.

District Courts are afforded "wide discretion in [the] handling of discovery matters." *Cook v. Kartrig Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988). Federal Rule of Civil Procedure 26(b) permits the discovery of non-privileged matters relevant to a party's claim or defense proportional to the needs of the case. Fed. R. Civ. P. 26(b). Material sought by a party in discovery must be relevant. *Hofer v. Mack Trucks Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Under Federal Rule of Civil Procedure 37 a party seeking discovery may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). The requesting party must make a showing that the information sought is relevant, then the burden shifts to the party resisting discovery. Assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar productions. *Cincinnati Ins. Co, v. Fine Home Managers, Inc.*, No. 4:09CV234 DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2019).

Plaintiffs have met their burden to show that the requested documents are relevant. Plaintiffs argue, and the Court agrees, that inmate grievances and recordings of St. Charles County's response to incidents involving correctional officers and inmates are relevant to Plaintiffs' claims that their Constitutional rights have been violated. The Court however finds it appropriate to limit the scope of the inquiry to tailor the discovery to the Plaintiffs' individual claims and to minimize the burden of production.

Plaintiff Smith has specifically alleged battery and excessive use of force against Defendant Gillett and deprivation of medical care against Defendant Graebner, in addition to municipal liability claims arising from these occurrences. Therefore, the Use of Force Reports regarding Defendant Gillett, Defendant Graebner, and other correctional officers during the time

of Plaintiff Smiths detention are discoverable. The Inmate Complaint forms regarding Defendant Gillett, Defendant Graebner, and Inmate Complaint forms regarding deprivation of medical care and excessive use of force during the timeframe of Plaintiff Smiths detention are additionally discoverable.

Plaintiff Qandah has specifically alleged deliberate indifference on the part of Defendant Cast resulting in injury of Plaintiff Qandah and the deprivation of medical care by Defendant McKee. Plaintiff has not alleged excessive use of force; therefore, the Use of Force Reports are not relevant to Plaintiff Qandah's claims. The Inmate Complaint forms regarding Defendants Cast and McKee are relevant to Plaitniff Qandah's claims, so to are Inmate Complaint forms during the pendency of Plaintiff Qandah's detention pertaining to deprivation of medical care and the deliberate indifference of correctional officers to the safety of inmates. Counsel for Defendants will make the files available for the Plaintiffs to inspect pending an agreeable protection order between the parties.

## **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Sever (ECF No. 90) is GRANTED; that Plaintiff's Motion to File an Amended Complaint (ECF No. 99) is DENIED; and that Plaintiff's Motion to Compel (ECF No. 76) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Parties will meet and confer to create an agreeable protective order regarding the documents subject to this Court's ruling on the Motion to Compel.

IT IS FURTHER ORDERED that Plaintiff Qandah will be assigned a new case number; that the pending Motion for Sanctions Against Defendant Jeffery Cast for Spoliation of Evidence (ECF No. 92) will be refiled under the new case number for Plaintiff Qandah; and that

Defendant's Motion for Summary Judgement is DENIED as moot. New Amended Case Management Orders will be issued in the respective cases following this Order.

Dated this 13th day of January 2020.

>/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT COURT