# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALLAEDHIN QANDAH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:20-CV-53 JCH |
| | ) |
| ST. CHARLES COUNTY, et al. | ) |
| | ) |
| Defendants | ) |
| | ) |

## MEMORANDUM AND ORDER

This case was initially filed with the Court as Cause No. 4:18CV171 JCH. The Court on January 13, 2020 granted the Defendant's Motion to Sever and opened the instant case with regard to Plaintiff Qandah. (ECF No. 10). This matter is before the Court on Plaintiff Qandah's Motion for Sanctions against Defendant Jeffery Cast for Spoliation of Evidence.[1] (ECF No. 6). The matter is fully briefed and ready for disposition.

## BACKGROUND

In the instant case, Plaintiff alleges misconduct by individual correctional officers in the St. Charles County Department of Corrections as well as *Monell* claims against St. Charles County. (ECF No. 7, at 2). Plaintiff specifically alleges that Defendant Cast, a correctional officer, unlocked a cell door to allow another inmate to enter and attack Plaintiff. *Id.* Plaintiff further alleges that Defendant Cast allowed for the attack due to animus related to Plaintiff's faith. *Id.* In July of 2019, Plaintiff became aware of statements posted publicly by Defendant Cast on his Facebook page on

---

[1]While Plaintiff's Motion which was originally filed in 4:18CV171 JCH and was styled as being brought by Plaintiff Smith and Plaintiff Qandah, there are no remaining claims against Defendant Cast in Cause No. 4:18CV171 JCH. The Court rules on the Motion for Sanctions refiled as ECF No. 6 in 20CV53 JCH in so much as it pertains to Plaintiff Qandah's claims against Defendant Cast.

1

or around February 2017. (ECF No. 7, at 1). Plaintiff served their Third Request for Production of Documents and requested that Defendant Cast produce those posts and others with similar content. *Id.* Plaintiff alleges that Defendant Cast instead deleted the requested posts from his Facebook Page. *Id.*

Defendant Cast initially objected to producing his Facebook content, but on September 5, 2019, Plaintiff states that Defendant Cast agreed to produce his Facebook profile in full. *Id.* at 3. Defendant Cast produced a download of his Facebook profile on October 4, 2019. *Id.* Plaintiff asserts that the download of Defendant Cast's Facebook failed to contain a readable record of his Facebook posts. *Id.* Plaintiff asserts that Defendant Cast then agreed to produce the full record of his Facebook posts through PDF format. Defendant did not produce the PDF. *Id.* Plaintiff filed a Motion to Compel on November 4, 2019. *See,* 4:18-CV-171 JCH (ECF No. 72). This Court granted the Motion and Defendant Cast produced his Facebook posts. (ECF No. 7, at 3). Plaintiff now alleges that the February 2017 posts were not part of the produced documentation and therefore were deleted. *Id.,* at 3. Plaintiff argues that sanctions ought to be imposed against Defendant Cast for the deletion of the posts.

## DISCUSSION

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery. Fed. R. Civ. P. 37(a)(1).

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) Upon finding of prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) Only upon a finding that the party acted with the intent to deprive another party of the information's use in litigation may: (a) presume that the lost information was unfavorable to the party; (b) instruct the jury

that it may presume the information was unfavorable to the party; or (c) dismiss the action or enter a default judgement.

Fed. R. Civ. P. 37(e).

Plaintiff must first demonstrate prejudice. Once prejudice has been demonstrated the court may order sanctions necessary to cure the prejudice. Defendant argues that Plaintiff has not met this burden. (ECF No. 8). Plaintiff argues that the missing Facebook information prejudices him. Plaintiff states that the spoliation of relevant evidence creates prejudice to the Plaintiff. (ECF No. 7, at 1). Plaintiff asserts that the missing Facebook posts amount to prejudice because Plaintiff cannot know what information beyond the statements previously identified by the Plaintiff were destroyed. *Id.*, at 7. Plaintiff specifically states,

> While similar posts remain on Defendant Cast's Facebook account, Plaintiffs have no way of knowing whether Defendant Cast deleted content that was significantly more adverse to his interests. Plaintiffs have no way of knowing whether Defendant Cast deleted vitriolic content related to Plaintiffs specifically, such as content related to why he opened Mr. Qandah's cell door. Defendant Cast could have also deleted content related to excessive force or medical deprivation, which is at issue in Plaintiffs' Monell claims.

*Id.*, at 7.

Plaintiff additionally points the court to cases suggesting that the spoliation of relevant evidence necessary to prove one's case is the essence of prejudice. *Id.*, 5-7 (citing *Claredi Corporation v. SeeBeyond Technology Corporation*, 4-04-CV-01304 RWS, 2010 WL 11579710 at *12-13 (E.D. Mo. Mar. 8, 2010)( The special master held that there was evidence of prejudice because the plaintiff could not point to exactly what was destroyed. that the plaintiff was not prevented from making its case, but it would be more difficult due to the spoliation, which is the "essence of prejudice."))

Defendant argues that Plaintiff must show more than the absence of relevant documents to demonstrate prejudice. (ECF No. 8, at 5). Defendant asserts that Plaintiff must also show that the evidence would have been helpful in proving its claims and defenses. *Id.* (citing, *Claredi* at *12).

3

Defendant argues that Plaintiff fails to demonstrate the allegedly missing posts would help in proving their claims. The Court finds that Plaintiff has demonstrated prejudice in this case. Plaintiff was aware of publicly available Facebook posts that were relevant to the litigation, and that indicated an alleged motive of Defendant Cast's actions. Absence of these posts does amount to some prejudice against the Plaintiff.

To impose the most stringent sanctions, a movant generally needs evidence that the opposing party acted in bad faith such as an intent to suppress the truth. *Gallagher v. Magner*, 619 F.3d 823, 845 (8th Cir. 2010)(citing *Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir. 2004)). "'Intent is rarely provided by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors.'" *Fid. Nat. Title Ins. Co. v. Captiva Lake Inv., LLC*, 4:10-CV-1890 CEJ, 2015 WL 94560, at *2 (E.D. Mo. Jan. 7, 2015)(quoting *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007)). A district court may impose sanctions without an explicit finding of bad faith if "a party destroys specifically requested evidence after litigation has commenced." *Gallagher*, 619 F.3d at 845. (citing Stevenson v. Union Specific R. Co., 354 F.3d 739, 749–50 (8th Cir. 2004)).

Defendant points to Defendant Casts' deposition and their attempts to comply with Plaintiff's requests for production as evidence that Defendant has not acted in bad faith. (ECF No. 8, at 3)(citing, Deposition of Defendant Cast, ECF No. 8-1, p. 309 in which Defendant Cast states "No I – I haven't deleted any."). Defendant further states that one of the five original posts requested by the Plaintiff was produced and that through additional discovery three additional posts were produced. (ECF No. 8, 3-4).

4

Plaintiff in his reply brief concedes that spoliation is no longer an issue in this case but nonetheless argues that the motion for sanctions ought to be granted due to the delay and expense incurred due to this motion, and requests that the Court order Defendant to make his Facebook page available for inspection by the Plaintiff and order attorney's fees for such inspection. (ECF No. 9). Although the production of such documents was delayed, Plaintiff has not shown that the documents were intentionally destroyed or kept from Plaintiff in bad faith. In fact, from the briefings it appears that the Facebook posts initially requested have been located and produced. Therefore, stringent sanctions are not appropriate in this case. The Defendant shall be ordered to make the Facebook page available for the inspection of the Plaintiff within a reasonable timeframe surrounding the alleged events to assure the Plaintiff that relevant posts related to their request for production have been made available. No attorney's fees or further sanctions will be ordered in this case.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 6) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the Defendant shall make the Facebook page in question reasonably available to the Plaintiff for inspection.


Dated this 2nd day of April 2020

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE