**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ALLEADHIN QANDAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:20-cv-00053-JCH |
| | ) |
| ST. CHARLES COUNTY, | ) |
| MISSOURI, et. al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF DEFENDANTS IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW Defendants, St. Charles County, Missouri, Michael McKee and Jeffery Cast, ("Defendants") by and through undersigned counsel and file their Memorandum in Support of their Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56.

**INTRODUCTION**

Alleadhin Qandah and Eric Smith filed a six count First Amended Complaint (Doc. No. 61) in Case No. 4:18-cv-00171 related to their confinement in the St. Charles County Adult Correctional Facility ("Jail").  On January 13, 2020, this Court granted Defendants' motion to sever Alleadhin Qandah's ("Plaintiff") claims from Case No. 4:18-cv-00171 and the Clerk of Court open a new action, this matter, in which Plaintiff's claims could be heard.

Plaintiff was confined in the Jail from March 6, 2014 to February 6, 2015, as a pre-trial detainee. *Exh. A*, Inmate Qandah's Release Report. In Count I of the Complaint, Plaintiff Qandah alleges Officer Jeffery Cast violated his Fourteenth Amendment rights by acting with deliberate indifference to a substantial risk of serious harm to Plaintiff. In Count II, Plaintiff Qandah alleges Lieutenant Michael McKee violated his Fourteenth Amendment rights by acting with deliberate

indifference to a medical need of Plaintiff.  In Count VI, Plaintiff alleges municipal liability pursuant to *Monell v. N.Y. Dep't of Soc. Svcs.* as to St. Charles County. Plaintiff's claims are brought pursuant to 42 U.S.C. Section 1983.

Defendants now move for summary judgment under Federal Rule of Civil Procedure 56. For the reasons discussed below, the Court should grant Defendants' Motion for Summary Judgment in its entirety.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 (c), a court may grant a motion for summary judgment if all of the information before the Court demonstrates that there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is placed on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in the moving party's favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op*, 838 F.2d 268, 273 (8th Cir. 1988).

Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who then must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Allen Energy Corp.,* 181 F.3d 902, 904 (8th Cir. 1999). Once the burden shifts, a party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to the jury without any significant probative evidence supporting the complaint. *Anderson*, 477 U.S. at 249. Moreover, the non-moving party must do more than simply show that there is some metaphysical doubt as the material facts. *Matsushita Electric Industrial Co., LTd. V. Zenith Radio Corp.,* 475

U.S. 574, 586 (1986). Indeed, the non-moving party must establish to the court that there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for him. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324.

Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. The Supreme Court in *Celotex* states that the plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. In such a case, the Court indicated, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.*

Defendants St. Charles County, Missouri, Michael McKee and Jeffery Cast are thus entitled to summary judgment if all the information before the Court shows there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex*, 477 U.S. at 322. Plaintiff, the party resisting summary judgment, will have the burden to delineate the specific facts that create a triable question of fact. *Crossly v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of material fact. *Hufsmith v. Weaver*, 817 F.2d 455, 460 n.7 (8th Cir. 1987) (quoting *Anderson*, 477 U.S. at 247-48). The Court must view the evidence in the light most favorable to the nonmoving party. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1008 (8th Cir. 2003).

### COUNT I
### Fourteenth Amendment Claim for Deliberate Indifference Resulting in Punishment to Pretrial Detainee Cognizable under 42 U.S.C. § 1983 by Mr. Qandah Against Officer Cast
**Officer Cast is entitled to summary judgment as he is entitled to the protection afforded by qualified immunity.**

In his Complaint, Plaintiff alleges Officer Cast unlocked the doors to Plaintiff cell so that another inmate, Kionte Ballinger, could attack him. *Doc. No. 61,* First Amended Complaint, ¶58 and *Exh. B,* Deposition of Allaedhin Qandah, page 23, lines 5-9. Plaintiff contends that he was confined in his cell within his housing unit when engaged in prayer when he recalls hearing a door open behind him. *Id.,* page 81, lines 12-20. Plaintiff then states "…I was facing in the opposite direction of the door. And I remember just being picked up from the waist and slammed, hitting my head on the toilet stool and being attacked." *Id.,* page 81, lines 17-20. Following being attacked from behind, Plaintiff was able to place his attacker in a headlock and hold him until Correctional Officers came to his assistance. *Id.,* page 99, lines 11-22. The entire incident lasted no more than a couple of minutes. *Id.,* page 100, lines 10-14.

Officer Cast is entitled to the protections afforded by qualified immunity. Qualified immunity protects law enforcement officers from suit for reasonable mistakes as to the lawfulness of their actions. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Immunity will be available to a law enforcement officer if it is shown that either, (a) there was no violation of the plaintiff's constitutional rights, or (b) that the right was not clearly established at the time of the officer's action. *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*,

533 U.S. 194, 202 (2001). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Although Plaintiff was a pretrial detainee, and his claim is analyzed under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment, this makes little difference as a practical matter because pretrial detainees are entitled to at least the same protections under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010); *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007). Therefore, Plaintiff's claim will be analyzed under the lens of the Eighth Amendment.  It is well established that the Eighth Amendment requires prison officials to take reasonable steps to ensure that inmates are protected from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Because the Eighth Amendment prohibition is targeted at "punishment," a prison official will only be liable if the inmate was incarcerated under conditions posing a substantial risk of serious harm and the official was deliberately indifferent to that risk. *Id.* at 833-38. The substantial risk of serious harm element is viewed objectively. *Id.* at 834. The deliberate indifference element requires that the prison official be subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and that the official subjectively draws the inference that the substantial risk of serious harm exists. *Id.* at 837. Accordingly, a negligent act will not satisfy the test for deliberate indifference. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). The deliberate indifference must also be viewed from the defendant's perspective at the time in question, not with hindsight's perfect vision. *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) citing *Williams v. Nebraska State Penitentiary,* 57 F.3d 667, 669 (8th Cir.1995).

To prove unconstitutional failure to protect from harm, Plaintiff must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that the Officer Cast was deliberately indifferent to the substantial risk of serious harm. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010). The first prong of the test requires an objective finding that inmate Ballinger poised substantial risk of harm to Plaintiff. *Id*. Plaintiff must also show that the harm he suffered from Officer Cast's alleged failure to protect him was objectively serious. *Id*, 1047.

There is no evidence in the record to indicate that inmate Ballinger posed substantial risk of harm to Plaintiff. Plaintiff presents no evidence that inmate Ballinger was known to be dangerous. He makes no such allegations in any of his pleadings and further stated at deposition he had no reason to believe that he may be in any danger from any inmate at the Jail. He makes no such allegations in any of his pleadings and further stated at deposition he had no reason to believe that he may be in any danger from Ballinger prior to the December 15, 2014, attack. *Exh. B,* pages 84, lines 16-25, page 85, lines 1-2, and page 91, lines 13-17. Moreover, a review of Ballinger's inmate records shows no reports of violence or assaults directed toward Plaintiff prior to the December fight. *Exh. C,* Affidavit of Michael McKee. There are no reports of violence or assaults of anyone in Ballinger's inmate files prior to December 15, 2014. *Id.* Therefore, there is nothing to suggest that Ballinger posed a substantial risk to any inmate housed at the jail, let alone Plaintiff, prior to December 15, 2014. Plaintiff's claim fails as there is insufficient evidence in the record to establish that Ballinger objectively posed substantial risk of harm to Plaintiff and that Officer Cast was deliberately indifferent to that risk.

**Plaintiff's claim fails as the December 15, 2014, fight was a surprise attack and surprise attacks are not sufficient to show a constitutional violation of Plaintiff's rights.**

Surprise attacks are not sufficient to show a constitution violation of Plaintiff's rights. "A single episode of violence, without warning or suspicion, is insufficient to establish a pervasive risk of harm, particularly when the injured inmate views the attack as an isolated incident." *Falls v. Nesbitt*, 966 F.2d 375, 379 (8th Cir. 1992) (Also see *Schoelch* at 1048, holding a surprise is not sufficient to show a constitutional violation). Plaintiff's injuries on December 15, 2014, were the result of an isolated episode of violence, i.e., a surprise attack, and therefore are insufficient to show a violation of Plaintiff's constitutional rights. During his deposition, Plaintiff testified that, prior to December 15, 2014, he had never associated with or even talked to the inmate who attacked him. *Exh. B*, page 84, lines 16-25, page 85, lines 1-2. In fact, Plaintiff goes on to say prior to December 15, 2014, no inmates in the Jail threatened to do him harm. *Id.*, page 88, lines 18-25, page 67, line 1-3. Further, even inmate Ballinger admits that the December 15, 2014, attack was an isolated episode of violence, without warning or suspicion. When questioned about the days leading up to his attack on Plaintiff, Ballinger states: "I played my role is what I'll call it because obviously I'm planning to attack you, so I want you to continue to believe that we're friends, you know what I'm saying." *Exh. D,* Deposition of Kionte Ballinger, page 44, lines 5-8. Ballinger goes on to explain that he never told Plaintiff, Officer Cast, or any other person that he planned to attack Plaintiff prior to December 15, 2014. *Id.,* page 44, lines 9-22. Clearly, Ballinger's plan was to attack Plaintiff without warning and by surprise. Therefore, Plaintiff's claim fails as the December 15, 2014, fight, during which he was allegedly injured, was a surprise attack, and surprise attacks are not sufficient to show a constitutional violation of Plaintiff's rights.

Plaintiff contends Officer Cast opened Plaintiff's cell door as result of his "contempt for Muslims." *Doc. No 61,* ¶ 60. He points to what Plaintiff terms "Islamophobic and xenophobic" Facebook posts in support of this claim. *Id,* ¶ 35. Plaintiff also contends that prior to opening Plaintiff's cell door, Officer Cast "smirked" at Ballinger and that "smirk" construes Officer Cast's tacit approval for Ballinger to enter Qandah's cell and attack him. *Exh. D,* page 22, lines 6-20. Plaintiff will argue that Officer Cast's Facebook posts in conjunction with his alleged smirk demonstrate deliberate indifference towards Plaintiff. However, even assuming this smirk occurred, these conclusions are nothing more than wild speculation by Plaintiff. Defendants concede if Officer Cast intentionally opened Plaintiff's cell door for the purpose of assisting Ballinger in assaulting Plaintiff, then that intent to cause harm would constitute deliberate indifference for Eighth Amendment purposes. (see *Newman v. Holmes,* 122 F.3d 650 (8th Cir.1997)). Defendants further concede Officer Cast should not have opened Plaintiff's cell door. Even taking all of this into account, there is absolutely no evidence Officer Cast acted with intent to cause harm to Plaintiff, which would be necessary to constitute deliberate indifference. A smirk and several Facebook posts do not establish Officer Cast was aware of, let alone complicit in, Ballinger's secret plan to do harm to Plaintiff.

Further, during his deposition, Officer Cast stated he opened Plaintiff's cell door so Ballinger could return some items he had borrowed from Plaintiff. *Exh. E,* Deposition of Jeffery Cast, page 244, lines 20-23. Officer stated: "Q: Okay. And what did you think Mr. Ballinger's intentions were at that time? A: Just to get his stuff back. Q: Okay. A: Being that him and Qandah were friendly all the time and hanging out in front of each other's cell all the time during their hours out, I didn't think there would be any harm done to Mr. Qandah." *Id.*, pages 244, lines 20-25, page 245, lines 1-2. Officer Cast goes on to state: Q: Okay. So did you believe

when Mr. Ballinger approached you, that he intended to assault Mr. Qandah? A: Not at all. Q: Did he say anything to you that would lead you to be suspicious of his intentions? A: No." *Id.,* page 245, lines 18-24. Clearly, Officer Cast had no knowledge inmate Ballinger posed a substantial risk of harm to Plaintiff. As Plaintiff has failed to demonstrate Officer Cast knew that Plaintiff faced substantial risk of serious harm and deliberately disregarded it, Officer Cast is entitled to summary judgment as he is entitled to the protection afforded by qualified immunity.

## COUNT II

**Fourteenth Amendment Claim for Deprivation of Medical Care Amounting to Cruel and Unusual Punishment Cognizable under 42 U.S.C. § 1983 by Plaintiff Qandah Against Lieutenant McKee**
**Lieutenant McKee is entitled to summary judgment as he is entitled to the protection afforded by qualified immunity.**

In Count II, Plaintiff alleges that Lieutenant McKee violated Plaintiff's civil rights pursuant to 42 U.S.C. §1983 in that Lieutenant McKee was deliberately indifferent to his alleged serious medical needs. To prevail on a Fourteenth Amendment, claim of deliberate indifference to serious medical needs, an inmate must prove, just as they would in an Eighth Amendment claim, that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs. To constitute a serious medical need or a deprivation of, Plaintiff must demonstrate the deprivation alleged was either obvious to a layperson or supported by medical evidence, like a diagnosis. *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995). Mere negligence or medical malpractice, however, is insufficient to rise to a constitutional violation. *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (citing *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir.1997), and *Estelle v. Gamble,* 429 U.S. 97, 104–06 (1976). "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create

a question of fact by merely stating that she did not feel she received adequate treatment." *Dulany*, at 1240.

There is no evidence in the record to support Plaintiff's claim he suffered from a serious medical condition. In his First Amended Complaint, Plaintiff alleges he has suffered "serious psychological injuries and physical injuries to his face, jaw, and back." However, Plaintiff is unable to support his claim with any expert opinion or medical diagnosis. Further, there is no evidence to support a claim Plaintiff Qandah suffered from serious medical needs obvious to a layperson. Qandah testified in his deposition that as a result of the attack by Ballinger, he suffered jaw pain, some bruising to face and back, a bump on his forehead and scratches. *Exh. B,* page 110, lines 5-25. Clearly, none of Plaintiff's injuries amount to serious medical needs.

Additionally, even assuming Plaintiff suffered serious medical condition, there is no evidence Lieutenant McKee, or any Jail employee, subjectively acted with deliberate indifference to his condition. To establish the subjective component of a deliberate indifference claim, Plaintiff must show a mental state akin to criminal recklessness-neither negligence nor gross negligence will suffice. *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017).

In his Complaint, Plaintiff alleges Lieutenant McKee ignored numerous requests for treatment from Plaintiff related to psychological injury and physical injuries to his face, jaw, and back. *Doc. No 61,* ¶¶ 67 and 69. In his deposition, Plaintiff makes the same claims, stating he lodged a number of complaints related to his medical care with Lieutenant McKee. *Exh. B,* page 95, lines 6-11, page 116, lines 8-25. However, as it related his psychological injuries, Plaintiff was under the care of a psychiatrist and a mental health counselor. *Exh. F,* Affidavit of Debora Echele. He was treated by Dr. Srinivas Battula, a board-certified psychiatrist, as well as treated twice a month by Dr. Dona Schaefer, an on-staff mental health counselor employed full time by

the Jail. *Exh. B*, page 117, lines 5-15. and *Exh. F*. Further, Plaintiff was treated for his physical injuries on December 15, 2014. *Exh. H,* Qandah's St. Charles County Detention Facility Inmate Health Progress Notes. Additionally, when he complained of back pain related to the assault two days later, he was again taken to the Jail Medical Department. *Id*. Plaintiff also admits that he was prescribed ibuprofen and Tylenol when he complained of pain secondary to the jaw injury he allegedly suffered. *Exh. B,* page 121, lines 1-3. Further, a review of Plaintiff's medical records following the December 15, 2014, assault show Plaintiff was treated by the Jail Medical Department on December 17, 2014; December 26, 2014; December 27, 2014; December 29, 2014; January 5, 2015; January 9, 2015; January 11, 2015; January 12, 2015; January 23, 2015; and January 29, 2015. *Exh. H*. Assistant Director of the St. Charles County Department of Corrections, Medical, is also of the opinion the care provided to and received by Plaintiff while confined in the Jail was adequate. *Exh. F*. Even if Plaintiff's complaints of injuries were not treated in a manner in which he would have hoped, this does not raise to the level of Lieutenant McKee acting with deliberate indifference. Plaintiff's claims amount to nothing more than his self-serving belief he did not receive adequate medical care.

      Finally, a prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that delays adversely affected his prognosis. *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). There is no credible evidence in the record to indicate that Lieutenant McKee's alleged failure to respond to Plaintiff's medical concerns adversely affected Plaintiff's prognosis. As Plaintiff has failed to demonstrate he suffered from one or more objectively serious medical needs, and that Lieutenant McKee actually knew but deliberately disregarded those needs, Plaintiff has failed to show a violation of

his constitutional rights. Therefore, Lieutenant McKee is entitled to summary judgment as he is entitled to the protection afforded by qualified immunity.

## COUNT VI

**Municipal Liability *Monell* Claim by Mr. Qandah Against Defendants St. Charles County for Failure to Supervise, Train, Investigate Complaints, and Discipline**
**Defendant St. Charles County is entitled to summary judgment as Plaintiff has failed to show a deprivation of his constitutional rights as required pursuant to *Monell v. New York Depart. of Social Services*.**

St. Charles County contends that there are no violations of Plaintiff's constitutional rights, for the reasons more fully set out above. Therefore, Defendants' motion for summary judgment should be granted in this matter on the ground that municipal liability cannot attach absent liability on an underlying substantive claim. *See Abbott v. City of Crocker*, 30 F.3d 994, 998 (8th Cir. 1994)." *Ryan v. Armstrong*, 850 F.3d 419, 428 (8th Cir. 2017). However, even if this Court were to determine that there were underlying violations of one or more of Plaintiff's rights, St. Charles County is still entitled to summary judgment on Count VI as Plaintiff would have to prove that there was a policy or custom of unconstitutional behavior or a constitutionally deficient failure to supervise, train, discipline, or investigate complaints, and he cannot do so.

For relief under §1983, Plaintiff must show his constitutional rights were violated by St. Charles County through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York Depart. of Social Services*, 436 U.S. 658, 690 (1978). The court has said that a municipality is not liable in the instance of a single occurrence of unconstitutional activity, unless proof of the single occurrence includes proof that it was "caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823

(1985). Even if a policy making official has discretion in the exercise of particular functions, the municipality is not liable for the exercise of that discretion without a showing that the official is responsible for establishing formal governmental policy for that particular function. *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff does not claim that there was an unconstitutional formal policy in existence, nor could he.

As Plaintiff does not claim an unconstitutional policy, he must then come forward with "evidence from which a jury could reasonably find the existence of a relevant municipal custom." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). To that end, Plaintiff claims municipal liability exists on the grounds St. Charles County failed to supervise, train, discipline employees or investigate complaints. "Under this rubric, we recognize claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same." *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018). 42 U.S.C. §1983 authorizes suit "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690-691. A County is only liable when that 'policy or custom' of failing to act upon prior similar complaints of unconstitutional conduct, which caused the constitutional injury at issue. . . . [T]he plaintiff must show that [county] officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." *Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 702-03 (E.D. Mo. 2012) (internal quotation marks and citation omitted). The plaintiff must show an "affirmative link" between the policy or custom and the alleged violation. *Tuttle* 471 U.S. at 823. A claim against a "policy" which itself is not unconstitutional requires "considerably more proof" than simply a single incident in order to establish municipal liability and establish the requisite affirmative link

between the "policy" and the violation. *Id*. The plaintiff's claimed "custom" may serve as the basis for §1983 liability only when the policy amounts to "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). More than a showing of simple negligence is required. *Id*.

Plaintiff must also show that "there was a widespread and persistent failure to follow [] policy, that some county policymaker was aware of this failure and was either deliberately indifferent to or tacitly approved of the conduct," and that the unconstitutional act "was caused by the custom of failing to follow" department policy. *Russell v. Hennepin County*, 420 F. 3rd 841, 849 (8th Cir. 2005). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action" *Bd. of Cnty. of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). The misconduct must be "so pervasive among non-policymaking employees . . . as to constitute a 'custom or usage' with the force of law." *Ware v. Jackson Cnty.*, 150 F. 3d 873, 880 (8th Cir. 1998).

Here, the Plaintiff has nothing more than mere allegations against St. Charles County of failure to supervise, train, discipline employees, or investigate complaints. Plaintiff has presented little-to-no evidence about a continuing, widespread, persistent pattern of unconstitutional conduct by St. Charles County. He has presented absolutely no evidence that such patterns were a motivating force relating to Plaintiff's allegations of failing to protect or deprivation of medical care claims. *See Parrish v. Luckie*, 963 F.2d 201, 204-05 (8th Cir. 1992) (reviewing the "detailed and compelling" evidence plaintiff presented that defendant police department avoided, ignored, and covered up complaints of physical and sexual misconduct by officer). No such evidence exists.

Moreover, for liability to attach to Defendants, Plaintiff must demonstrate the inadequacy in training and or supervision was so likely to result in the violation of constitutional rights, that the Defendants could have reasonably be said to have been deliberately indifferent to the needs of Plaintiff. *City of Canton, Ohio*, 489 at 390. Plaintiff fails to make the requisite showing that any of the alleged inadequacies in training or supervision were so likely to result in a constitutional violation as to rise to the level of deliberate indifferent. Even if it is assumed that he made the requisite showing, Plaintiff must present sufficient evidence to support a finding that "*this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff" in order impose liability on Defendant St. Charles County. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 367 (1997). There is no evidence to support the notion that Officer Cast or Lieutenant McKee were highly likely to inflict the particular injury suffered by the Plaintiff.

Therefore, summary judgment should be granted as Plaintiff has failed to show a deprivation of his constitutional rights as required pursuant to *Monell v. New York Depart. of Social Services*.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion for Summary Judgment and dismiss the First Amended Complaint in its entirety.

Respectfully submitted,
ST. CHARLES COUNTY COUNSELOR

 /s/Drew A. Heffner
Drew A. Heffner, E.D. #54873MO
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
Telephone:	636/949-7540
Facsimile:	636/949-7541
Email: dheffner@sccmo.org

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

| | |
|---|---|
| James R. Wyrsch | Blake A. Strode |
| Javad M. Khazaeli | Michael-John Voss |
| Kiara N. Drake | Frances C. Lucas |
| 911 Washington Avenue, Suite 211 | John M. Waldron |
| St. Louis, MO 63101 | Maureen Hanlon |
| (314) 288-0777 | 440 N. 4th St., Suite 390 |
| (314) 400-7701 (fax) | Saint Louis, MO 63102 |
| james.wyrsch@kwlawstl.com | 855-724-2489 ext. 1021 |
| javad.khazaeli@kwlawstl.com | 314-925-1307 (fax) |
| kiara.drake@kwlawstl.com | bstrode@archcitydefenders.org |
| | mjvoss@archcitydefenders.org |
| | clucas@archcitydefenders.org |
| | jwaldron@archcitydefenders.org |
| | mhanlon@archctiydefenders.org |

/s/Drew A. Heffner
Date: May 22, 2020